UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN CAPRIO,<br>    *Plaintiff*,<br>v.<br>RAHUL GORAWARA ET AL,<br>    *Defendant*. | No. 3:19-CV-01390 (MPS) |

**RULING ON MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

I assume familiarity with and incorporate by reference the Court's ruling ordering the remand of this case to state court (ECF No. 22). Gorawara filed a motion for reconsideration on November 21, 2019. (ECF No. 23.) For the reasons that follow, the motion for reconsideration is GRANTED IN PART AND DENIED IN PART but the requested relief is DENIED.

## II. LEGAL STANDARD

Under District of Connecticut Local Rule of Civil Procedure 7(c), a party may file a motion for reconsideration, which is "equivalent as a practical matter to a motion for amendment of judgment under Fed. R. Civ. P. 59(e)." *Salvagno v. Williams*, No. 3:17-CV-2059 (MPS), 2019 WL 2720758, at *4 (D. Conn. June 27, 2019); *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991). Local Rule 7(c) explicitly notes that "[s]uch motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." And the Second Circuit has approved a strict standard on motions for reconsideration, holding that "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of*

*Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## III. DISCUSSION

Gorawara suggests two grounds for reconsideration, each of which I address in turn.

### A. The *Mackay* Decision

Gorawara argues that the Supreme Court's decision in *Mackay v. Uinta Development Co.*, 229 U.S. 173 (1913) is controlling precedent overlooked by the Court in its ruling ordering remand. In *Mackay*, the plaintiff brought suit under state law to recover $1,950—less than the jurisdictional amount in controversy requirement at the time, which was $2,000. *Mackay*, 229 U.S. at 173-74. The defendant filed a counterclaim for $3,000 and subsequently removed the case to federal court on the basis of diversity jurisdiction. *Id.* at 174. The Supreme Court held that, because no party had timely objected to the removal, any objection to the fact that removal was improper because the original claim did not exceed the amount in controversy requirement—which the Court described as an "irregularity"—was waived. *Id.* at 176-77. In *Baris v. Sulpico*, the Fifth Circuit interpreted *Mackay* to mean that defects in *removal jurisdiction*, unlike defects in original subject matter jurisdiction, were waivable, and thus subject to the requirement that any objections be made within 30 days. 932 F.2d 1540, 1544-45 (5th. Cir. 1991) ("[O]riginal subject matter jurisdiction is not waivable, but all other defects, including defects in removal jurisdiction, are fully subject to waiver under section 1447(c)."); *see also Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 487 (2d Cir. 1998) (holding that, under *Mackay*, defects in removal jurisdiction were waivable, and therefore declining to remand even though the only basis for removal—the existence of federal counterclaims—was improper);

2

*Property Clerk v. Smith*, 2000 WL 1725017, at *1 (S.D.N.Y. Nov. 17, 2000) (distinguishing between "removal jurisdiction" and subject-matter jurisdiction, and explaining that "'an irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court.'") (quoting *Korea Exchange Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995)). Under the above line of cases, once a plaintiff has waived the right to contest removal, "[t]he jurisdictional issue on appeal becomes whether the federal district court would have had jurisdiction over the case had it originally been filed in federal court." *Baris*, 932 F.2d at 1546.

In the present case, I found that the two state court cases had been consolidated for the purposes of trial under Practice Book § 9-5, and not merged into a single case, making it improper to aggregate the amounts in controversy to meet the jurisdictional threshold. (ECF No. 22.) I therefore held that the Court did not have subject matter jurisdiction over the cases, necessitating remand. (*Id.*) Gorawara argues that, under *Mackay* and its progeny, the question of whether it was appropriate to consider the two cases together for the purpose of calculating the amount in controversy is a question of removal jurisdiction, and not subject matter jurisdiction, and thus subject to waiver. Because Caprio failed to file a timely motion to remand, the argument goes, any objection to this Court's removal jurisdiction was waived, and the case could no longer be remanded on these grounds.

While Gorawara does not cite any cases interpreting *Mackay* in the context of consolidation, and the Court is aware of none, it is true that *Mackay* might be read to support the conclusion urged by Gorawara—that the issue on which the Court remanded was subject to waiver. I need not resolve this question, however, because the issue was not, in fact, waived. Rather, Caprio both clearly expressed his opposition to removal and articulated the relevant

argument in his response to the Court's order to show cause (ECF No. 17), which was filed on September 25, 2019—nineteen days after the case was removed and well before the thirty-day deadline set by 28 U.S.C. § 1447(c). While it is true that this filing was styled as a "Response to Order to Show Cause" and not a "Motion to Remand," to treat this fact as dispositive would be to elevate form over substance.[1] *See Blanco v. Snyder's of Hanover, Inc.*, 2003 WL 21939707, at *3 (S.D.N.Y. Aug. 12, 2003) ("Plaintiffs made known their opposition to removal, and their concededly meritorious grounds for remand, within the time limit set by § 1447(c), in the 'Affirmation of Opposition.' Regardless of how plaintiffs labeled that submission, it should be deemed a motion for remand."); *Marks v. Blount-Lee*, 2017 WL 3098094, at *2 (E.D.N.Y. July 20, 2017) (coming to a similar conclusion); *Rweyemamu v. Connecticut Dept. of Corrections*, 2007 WL 1424302, at *1 n.1 (D. Conn. May 10, 2007) (construing a "memorandum in opposition to the petition for notice of removal" as a motion to remand); *see also Janaski v. Dettore*, 2015 WL 1573670, at *1 n.1 (E.D. Pa. Apr. 9, 2015) (treating "Response" to notice of removal as motion to remand under 28 U.S.C. § 1447(c)); *Dooley v. MedAssist, Inc.*, 2009 WL 2447933, at *1 (W.D. Ky. Aug. 7, 2009) (treating "objection to removal" as motion to remand). In short, because Caprio's timely response (ECF No. 16) both makes plain Caprio's opposition to removal, and because it is in fact what first brought the consolidation issue to the Court's attention, I construe his opposition as a motion to remand. There is no prejudice to Gorawara in doing so, because he filed a "Reply in Opposition to Plaintiff's Response to Order to Show Cause" (ECF No. 20) and thus had an opportunity to address Caprio's arguments. Further,

---

[1] Moreover, the manner in which Caprio's objection was styled was largely a product of the Court's order to show cause (ECF No. 11), which set a briefing schedule to address whether removal was timely under 28 U.S.C. § 1446(c)(1). It would be plainly unfair to penalize Caprio for the Court's having inquired into whether removal was timely of its own accord.

4

Caprio's raising his objections to removal 19 days after the notice of removal was filed satisfied the purpose of Section 1447(c), which is "to prevent the delay, inefficiency, and unfairness resulting from late-stage forum-shopping remand motions." *Pierpont v. Barnes*, 94 F.3d 813, 817 (2d Cir. 1996). Thus, even if the question of whether the two consolidated cases could be considered together for purposes of determining the amount in controversy is not, strictly speaking, a question of subject matter jurisdiction—an issue I need not decide—remand would nonetheless be appropriate since Caprio did not waive the argument.

**B.     Gorawara's Counterclaims**

Gorawara separately urges the Court to reconsider remand on the ground that his counterclaims provide an independent basis for subject matter jurisdiction, including both federal question jurisdiction and diversity jurisdiction. Gorawara has not, however, prior to the present motion, so much as mentioned his counterclaims in connection with this Court's jurisdiction, nor has he given any indication that he might seek to establish federal jurisdiction based on the presence of a federal question. His removal notice (ECF No. 1), which he has not sought to amend, is expressly based solely on diversity jurisdiction and makes no mention of federal question jurisdiction. *See Wyant v. National R.R. Passenger Corp.*, 881 F. Supp. 919, 924 (S.D.N.Y. 1995) ("A defendant may not amend its notice of removal after [the thirty-day removal period] to remedy a substantive defect in the petition."); *Briar Patch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000) ("Failure to assert federal question jurisdiction as basis for removal is a substantive defect."). Because this is a new, unpled ground for removal, and because motions for reconsideration may not be used to advance new arguments that could have been raised previously, these arguments are untimely. *See J.P. Morgan Chase Bank, N.A.*, *v.*

*Caires*, 2017 WL 4071137, at *2 (D. Conn. Sept. 14, 2017) (rejecting an argument first raised in a motion for reconsideration as untimely and citing cases).

But even if the arguments were timely, they are without merit. It is not surprising that Gorawara has not previously sought to base jurisdiction on his counterclaims, since it is well-established that counterclaims do not establish removal jurisdiction on the basis of either the presence of a federal question or diversity of citizenship. *See Catepillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." (citations omitted)); *Capital One Bank (USA), N.A. v. Deane*, 2013 WL 12284471, at *2 (D. Conn. June 14, 2013) ("[I]t is well-established that satisfaction of diversity jurisdiction requirements are determined as of the date that the suit is filed . . . and Defendant's later-dated counterclaim should not be considered in the determination of whether the amount in controversy has been satisfied . . . ." (internal quotation marks and citations omitted)). Gorawara nonetheless argues that, under *Mackay*, any objection to his newly raised, erroneous jurisdictional arguments have been waived by Caprio. Gorawara, in effect, invites the Court to require plaintiffs, upon objecting to a defendant's articulated basis for federal jurisdiction, to also object to any other potential bases for jurisdiction—even if plainly erroneous, and even if they are not raised by the defendant in the notice of removal—or else risk waiving any objection.[2] Because such an outcome would be absurd, I decline this invitation.

---

[2] A plaintiff would arguably need to address every potential basis for jurisdiction because some courts have held that "a district court has no power to remand a case to state court on the basis of a defect in the removal procedure raised

6

## IV. CONCLUSION

For the reasons set forth above, Gorawara's motion for reconsideration is GRANTED IN PART AND DENIED IN PART, but the requested relief is DENIED. The Court's earlier remand order (ECF No. 22) remains in effect.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
December 2, 2019

---

for the first time more than thirty days after removal even when a timely petition for remand has been made on other grounds," *Concorde Financial Corp v. Value Line, Inc.*, 2004 WL 287658, at *3 (S.D.N.Y. Feb. 11 2004).